IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ROBERT SMITH )
 )
    v. ) NO. 3:16-0094
 )
ROBERTSON COUNTY, TN )
DETENTION CENTER, et al. )

TO: Honorable John T. Nixon, Senior District Judge

# **R E P O R T   A N D   R E C O M M E N D A T I O N**

By Order entered February 16, 2016 (Docket Entry No. 4), the Court referred this action to the Magistrate Judge under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72 (b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Plaintiff filed this lawsuit *pro se* and *in forma pauperis* on January 28, 2016, seeking relief under 42 U.S.C. § 1983 based on violations of his constitutional rights alleged to have occurred at the Robertson County Detention Center in Springfield, Tennessee. In the order of referral, the Court found that Plaintiff had alleged a colorable constitutional claim that was sufficient to survive review under 28 U.S.C. § 1915A and directed that the Clerk send Plaintiff service packets (a blank summons and USM 285 form) for four defendants. Plaintiff was directed to complete the service packets and return them to the Clerk's Office within twenty (20) days of receipt of the Order and was forewarned that his failure to return the service packets within the time frame could jeopardize his prosecution of the action.

The docket for this action indicates that service packets were mailed to Plaintiff along with the Order of referral. To date, Plaintiff has not returned completed service packets to the Clerk's Office as directed by the Court and has not shown that Defendants have been served with process. Plaintiff has not made any filings in the action since February 8, 2016. *See* Docket Entry No. 3.

Rule 4(m) of the Federal Rules of Civil Procedure requires that Defendants be served with process within 90 days of the date this action was filed and provides that, in the absence of a showing of good cause by the plaintiff for why service has not been timely made, the Court "must dismiss" the action without prejudice. It is also well settled that Federal trial courts have the inherent power to manage their own dockets, *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1961), and Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. *See Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980). Plaintiff's failure to return service packets as directed by the Court and his failure to take any steps to litigate his action in over four months evidences a lack of interest in prosecuting this action. Further, the action cannot proceed in the absence of returned service packets from Plaintiff, and process has not been served within the 90-day time period for service of process set out in Rule 4(m). Given Plaintiff's apparent lack of interest in the action and his failure to take the steps necessary to serve Defendants with process and to prosecute the action, the Court finds that dismissal of the action is warranted.[1]

---

[1] This Report and Recommendation provides notice to Plaintiff of the Court's intention to *sua sponte* dismiss the action, and the fourteen day period for filing objections provides him with the opportunity to show good cause why the action should not be dismissed.

# RECOMMENDATION

Accordingly, the Court respectfully RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE in accordance with Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

BARBARA D. HOLMES
United States Magistrate Judge